UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CROMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL SONGER, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01742-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Charles Cromer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

Currently before the Court is Plaintiff's first amended complaint, filed April 11, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

---

[1] Plaintiff consented to magistrate judge jurisdiction on December 3, 2015. (ECF No. 4.)

1

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

    Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

    In the first amended complaint, Plaintiff names Martha Trevino, intake nurse at California State Prison-Wasco as the sole Defendant.

    Plaintiff is a 52 year old African-American male who is incarcerated at the California Health Care Facility in Stockton.  Plaintiff is a hemodialysis patient with anemia, Hx Peritonitis, Neuropathy, and eye blindness to both eyes.

    On November 26, 2012, Plaintiff was housed in the Los Angeles County jail in the quality management comprehensive care until for Plaintiff's serious medical needs.

On April 16, 2013, Registered Nurse, Angela Regaldo contacted Martha Trevino, a nurse at California State Prison in Wasco, and asked nurse Trevino if Wasco could provide Plaintiff dialysis care four times a day.   Trevino advised nurse Regaldo that Wasco had an on-site dialysis center.

On April 22, 2013, Plaintiff was transferred to Wasco, and was in need of dialysis treatment. Plaintiff became severely sick and was sent to the Wasco prison emergency clinic in need to emergency transportation to the nearest outside hospital-Mercy Hospital in Bakersfield, California.

## II.

## DISCUSSION

### A.     Deliberate Indifference to a Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff contends that Defendant Trevino was deliberately indifferent by transferring him from the Los Angeles County Jail to the California State Prison in Wasco; however, the fact that Plaintiff was transferred to Wasco prison which does not provide peritoneal dialysis at the facility does not alone give rise to a level of a constitutional violation.  Plaintiff essentially argues that his rights under the Eighth Amendment were violated because he did not receive daily PD treatment at the prison facility in which he was housed.  Although the Constitutional mandates that the State provide a

prisoner adequate medical treatment, such right does not equate to entitlement to receive medical treatment in the same facility as the inmate is housed. As stated in the Court's February 9, 2016 order, the exhibits attached to Plaintiff's original complaint demonstrate that he was provided continuous and ongoing dialysis treatment. (ECF No. 7, Order at 6.) Plaintiff has failed to present sufficient facts to support a finding that Defendant Trevino denied, delayed, or interfered with Plaintiff's care and treatment. The fact that Plaintiff disagrees with the medical care he is receiving is not sufficient to state a cognizable constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference based on the lack of dialysis at the facility in which he is housed.

### III.

### CONCLUSION AND ORDER

The Court finds that Plaintiff's first amended complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Plaintiff was previously notified of the applicable legal standards and the first amended complaint presents fewer factual allegations, and Plaintiff simply re-states his claim that Defendant Trevino was deliberately indifferent by misstating that Wasco facility had on-site dialysis treatment. Based upon the allegations in Plaintiff's original and first amended, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for failure to protect Plaintiff in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted;
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 17, 2016**

UNITED STATES MAGISTRATE JUDGE